1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH EARL STEVERSON,                    No.  2:22-cv-01543 DB P

12                    Plaintiff,

13          v.                                    ORDER

14    COFFIN, et al.,

15                    Defendants.

16

17          Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18    claims defendants were deliberately indifferent to plaintiff's medical need in violation of his

19    Eighth amendment rights.  Presently before the court is plaintiff's complaint for screening (ECF

20    No. 1) and plaintiff's motion to proceed in forma pauperis (ECF No. 2).

21          For the reasons set forth below, plaintiff's motion to proceed in forma pauperis will be

22    granted.  Plaintiff will be given the option to proceed on his cognizable claims or be given leave

23    to file an amended complaint.

24                              **IN FORMA PAUPERIS**

25          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

26    1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

27    granted.

28    ////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

*////*

2

1    However, in order to survive dismissal for failure to state a claim a complaint must

2    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3    factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

4    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8        The Civil Rights Act under which this action was filed provides as follows:

9        Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the deprivation
10        of any rights, privileges, or immunities secured by the Constitution .
         . . shall be liable to the party injured in an action at law, suit in equity,
11        or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

15   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

16   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

17   an act which he is legally required to do that causes the deprivation of which complaint is made."

18   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

20   their employees under a theory of respondeat superior and, therefore, when a named defendant

21   holds a supervisorial position, the causal link between him and the claimed constitutional

22   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

23   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

24   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

25   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26   **II.    Linkage Requirement**

27       Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

28   that each defendant personally participated in the deprivation of his rights.  See Jones v.

3

Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

**III.    Allegations in the Complaint**

Plaintiff indicates that, at all relevant times, he was an inmate at the Mule Creek State Prisoner ("MCSP").  (ECF No. 1 at 1.)  Plaintiff names defendants Supervisor Psychologist Coffin and Psychiatrist Siler.  (Id. at 2.)

The complaint contains the following allegations: on March 23, 2022, plaintiff was in a crisis bed at MCSP "for several mental health problems" and suicidal ideation.  (Id. at 3.) Plaintiff was screened daily to determine if he was "suicidal, homicidal, or hearing voices or auditory visions."  (Id.)  On an unstated date, defendant Coffin conducted a screening at 6:45 a.m. and asked plaintiff if he was suicidal.  (Id.)  Plaintiff replied that he was.  (Id.)  Defendant then asked plaintiff, "if I order you partial clothing…would you use them to harm yourself?"  (Id.) Plaintiff responded that giving him clothes "would be a big mistake."  (Id.)  Plaintiff was subsequently issued clothing by defendant Coffin which plaintiff used to harm himself.  (Id.) Defendant Siler did not look at the partial clothing order issued by defendant Coffin.  (Id. at 4.)

Plaintiff claims that defendants were deliberately indifferent to his medical needs by ignoring the risks to plaintiff's health presented by his suicidal thoughts.  Plaintiff requests relief in monetary damages totaling one million dollars ($1,000,000) and the implementation of certain institutional policies.  (Id. at 6.)

**IV.     Does Plaintiff State a Claim under § 1983?**

**A.  Eighth Amendment Legal Standards**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

The deliberate indifference standard involves an objective and subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

If a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

1   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

2   objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

3   825, 834 (1994).

4        If a prisoner establishes the existence of a serious medical need, he must show that prison

5   officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

6   general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

7   interfere with medical treatment, or may be shown by the way in which prison officials provide

8   medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

9        Before it can be said that a prisoner's civil rights have been abridged with regard to

10   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

11   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

12   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

13   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

14   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

15   Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

16   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

17   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

18        Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

19   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

20   plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

21   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

22   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

23   200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

24   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

25   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

26   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

27        Finally, mere differences of opinion between a prisoner and prison medical staff or

28   between medical professionals as to the proper course of treatment for a medical condition do not

1   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

2   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

3   F.2d 1337, 1344 (9th Cir. 1981).

4           **B.  Analysis**

5           Plaintiff has brought Eighth Amendment medical needs claims against both defendants

6   Coffin and Siler.  (ECF No. 1 at 3-4.)  As these defendants had different involvement in the

7   alleged incident, whether plaintiff has alleged sufficient facts to state a claim against each of them

8   must be analyzed separately.

9           **1.  Defendant Coffin**

10          Plaintiff has alleged sufficient facts to state a deliberate indifference claim against

11  defendant Coffin.  "A heightened suicide risk or an attempted suicide is a serious medical need."

12  See Conn v. City of Reno, 491 F.3d 1081, 1095 (9th Cir. 2010), vacated by City of Reno, Nev. v.

13  Conn, 563 U.S. 915 (2011), reinstated in relevant part by Conn v. City of Reno, 658 F.3d 897

14  (9th Cir. 2011).  Under the facts alleged, plaintiff expressed that he was suicidal to defendant

15  Coffin and suggested that providing plaintiff with partial clothing was a bad idea as a result.

16  (ECF No. 1 at 3.)  Defendant Coffin, aware of this serious medical need, purportedly disregarded

17  this medical need and ordered clothing for defendant, despite the fact that doing so created a

18  serious risk to plaintiff's health.  (Id.)  On screening, these facts are at least minimally sufficient

19  to state a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious

20  medical needs.

21          **2.  Defendant Siler**

22          Plaintiff claims that defendant Siler was deliberately indifferent as defendant failed to

23  notice that defendant Coffin had ordered partial clothing for plaintiff.  However, plaintiff has not

24  alleged any facts that suggest defendant Siler was aware of plaintiff's conversation with

25  defendant Coffin.  (See ECF No. 1 at 4.)  Moreover, plaintiff only broadly alleges that defendant

26  Siler had "enough time…to look at [the] order" not that defendant Siler was even aware the

27  partial clothing order existed.  (Id.)

28  ////

"[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838.  Instead, a defendant must have knowledge of risk to be deliberately indifferent.  Id. at 838-40.  The complaint fails to state a cognizable claim against defendant Siler as the facts alleged do not show that defendant Siler was aware of the clothing order or of plaintiff's statements about being provided clothing.  As such, plaintiff has included sufficient factual allegations to establish that defendant Siler had the requisite knowledge to act with deliberate indifference to plaintiff's serious medical needs.

As the court has found that plaintiff's complaint contains both cognizable and non-cognizable claims, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment claim against defendant Coffin.  Plaintiff has failed to allege sufficient facts to state any other claim or defendant.  Plaintiff will be given the option to proceed on his cognizable Eighth Amendment claim or be given leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

////

////

////

////

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint (ECF No. 1) states a cognizable Eighth Amendment claim against defendant Coffin.

4.  The complaint fails to state any other cognizable claims or defendants.

5.  Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

6.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.

7.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 30, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/stev1543.scrn_not

1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9     KENNETH EARL STEVERSON,                    No.  2:22-cv-01543 DB P

10                      Plaintiff,

11           v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
12    COFFIN, et al.,

13                      Defendants.

14

15    Check one:

16

17    _____   Plaintiff wants to proceed immediately on his Eighth Amendment medical needs claim

18            against Supervisor Psychologist Coffin.  Plaintiff understands that by going forward

19            without amending the complaint he is voluntarily dismissing all other claims and

20            defendants.

21

22    _____   Plaintiff wants to amend the complaint.

23

24    DATED:_____              _____

25                                                Kenneth Earl Steverson
                                                  Plaintiff pro se
26

27

28

                                        11