UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EARL STEVERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. COFFIN, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-01543 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  A settlement conference is currently scheduled in this matter for January 11, 2024.  (ECF No. 21.)  On November 12, 2023, plaintiff filed a motion to appoint counsel to represent him at the settlement conference.  (ECF No. 22 at 1.)  In the alternative, he asks the court to reschedule the settlement conference for a date after his release from custody, at which time he can hire counsel.  (Id.)  For the reasons stated below, the court will deny the motion.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has not established the existence of exceptional circumstances. His motion does not explain why he requires counsel at the settlement conference. Moreover, this case is still in its early stages. It was referred to the court's post-screening ADR project after defendant filed his answer and scheduled for a settlement conference shortly thereafter. (ECF Nos. 16, 17, 20.) As such, the court is unable to determine plaintiff's likelihood of success on the merits.

Additionally, plaintiff's sole claim is not particularly complex and he has demonstrated an ability to articulate his claim without the assistance of counsel. The complaint alleges that defendant, a licensed psychologist at Mule Creek State Prison, was deliberately indifferent to plaintiff's needs when he allegedly issued plaintiff clothing, despite plaintiff telling defendant that he felt suicidal and that providing him with clothing "would be a big mistake." (ECF No. 1 at 3.) Plaintiff stated that he did not receive assistance in preparing the complaint. (Id. at 6.) Given plaintiff's ability to set forth these allegations and state a cognizable Eighth Amendment claim in the complaint, the court finds that plaintiff will be able to adequately represent himself at the settlement conference.

The court will also deny plaintiff's request to reschedule the settlement conference until after his release from custody. Plaintiff has not provided the court with his release date. The California Department of Corrections and Rehabilitation's website[1] does not list a release date for

---

[1] The court may take judicial notice of information stored on the California Department of Corrections and Rehabilitation inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick &Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

plaintiff but indicates that he will become eligible for parole in June 2024. Without an established release date for plaintiff, the court declines to reschedule the settlement conference.

IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel (ECF No. 22) is denied without prejudice.

Dated: November 21, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/R/stev1543.31

3